Argued October 24; decided December 2, 1895.

## BIXBY *v.* CHURCH.

[42 Pac. 613.]

STATUTE OF FRAUDS — PROMISE TO PAY DEBT OF ANOTHER. — Where plaintiff performed work for one who contracted with defendants to do it, and, after the work was completed, defendants orally promised to pay therefor, plaintiff cannot recover, though such promise was unconditional.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action by Mathias Bixby against Charles P. Church and Joseph Gaston to recover for work and labor alleged to have been performed by the plaintiff for the defendants between the first day of June, eighteen hundred and ninety-two, and the first day of November of the same year. The complaint avers that between the dates named the plaintiff hauled and transported for the defendants, at their special instance and request, thirty-one tons and four hundred pounds of merchandise, at the agreed and stipulated price of six dollars per ton, amounting in the aggregate to the sum of one hundred and eighty-seven dollars and twenty-five cents, no part of which has been paid, except the sum of one hundred dollars. The answer is a specific denial of all the allegations of the complaint. The trial in the court below resulted in the plaintiff recovering judgment for the amount demanded in the complaint, and defendants appeal.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. William H. Adams.*

For respondent there was a brief and an oral argument by *Mr. C. S. Hannum.*

Opinion by MR. CHIEF JUSTICE BEAN.

From the bill of exceptions it appears that at the time the services were rendered defendants were engaged in getting out and marketing logs in the vicinity of Coal Creek, in the State of Washington, and had a contract with one Walter Neish to furnish and deliver logs to them at such place at a stipulated price per thousand, and that the hauling in question was a part of the labor necessary to be done by Neish in performing his contract with the defendants. There was evidence given on the trial from which the jury could have found either (1) that plaintiff was employed by defendants, and that the work was performed for them and on their sole credit, as alleged in the complaint; or, (2) that plaintiff was employed by and rendered the services for Neish, and that defendants agreed to pay him, upon the order of Neish, if they should have funds in their hands belonging to Neish at the time the order should be presented, and not otherwise; or, (3) that the work was performed for Neish, and that defendants verbally agreed to pay therefor in case Neish did not; or, (4) that plaintiff's contract was made with and services rendered to Neish alone, and that after the contract had been completed he gave plaintiff an order on the defendants for the amount sued for, which, upon presentation, they verbally agreed to pay. As applicable to the third and fourth theories of the case suggested, the defendants at the proper time requested the court to instruct the jury, *first,* that if defendants agreed merely to pay Neish's debt in case he did not do so, the verdict must be for them, because the agreement is void under the statute of frauds; and, *second,* that if the contract was made with Neish, and the work per-

formed for him and not the defendants, plaintiff can
not recover, even though defendants afterwards agreed
to pay Neish's debt, because such agreement was not
in writing. That these instructions correctly state the
law as applicable to this case, is not questioned, but
it is claimed that they were given in substance in the
general charge which is made a part of the bill of
exceptions, and consists of three separate instructions,
as follows: "There is some evidence tending to show
that the agreement between the parties was that
Church and Gaston would pay, upon the order of Mr.
Neish, any surplus Neish might have in their hands.
They aver there has been no surplus in their hands,
consequently they have nothing to pay. If that is the
fact about it, your verdict should be for the defend-
ants. There is some evidence still further tending to
show they were sureties; that they undertook to guar-
antee Neish's debt. The plaintiff cannot recover on
that theory of the case, because in such case the un-
dertaking of a man who promises to pay another
man's debt must be in writing; not only in writing,
but must express the consideration. A man cannot be
compelled to pay another's debt unless his promise is
in writing. There is other evidence tending to show
that Church and Gaston undertook to pay absolutely
this demand. You will examine the whole testimony
and determine how the fact was, and if they under-
took absolutely to pay, they are bound by that un-
dertaking, and your verdict should be for the plaintiff;
but that is a matter you must decide from the testi-
mony in the case."

These instructions, which are all that were given
by the court, contain no reference to the effect and
validity of a verbal promise of the defendants to pay
made after the work had been performed, in case the

jury should find that it was performed under a contract with Neish and not the defendants. The liability of the defendants is made to depend solely on whether their promise was conditional or absolute. The effect of the instructions as given is that if the defendants' promise was conditional, because made either to pay out of a particular fund, and such fund did not exist, or to pay as surety for Neish in case he did not, plaintiff could not recover, but if the promise was absolute, that is, to pay at all events, the defendants would be liable without reference to whether it was a promise to pay the debt of another or not. Now, there was evidence tending to show, and the defendants claimed the fact to be, that plaintiff was hired by Neish, and rendered the services for him, and that, if they ever agreed to pay therefor, it was by a verbal promise made after the work had been performed. Although the jury might have found for the defendants on this contention, they were necessarily required, under the instruction of the court, to find a verdict in favor of the plaintiff if they found the promise to have been absolute and unconditional, although not in writing. If the defendants hired the plaintiff to do the work, as he claims in his complaint, they, of course, would be liable as original promisors; but if, on the other hand, the work was done under a contract with Neish, and for him, and the only promise of defendants to plaintiff was a verbal one, made after it had been performed, they would not be liable, however absolute their promise may have been, because such an agreement is within the statute of frauds and void. There was evidence tending to support this theory of the case, and defendants were clearly entitled to have it submitted to the jury by proper instructions, and because an instruction to that effect

was not given, although requested, the case must be reversed and a new trial ordered. There are several other assignments of error in the record, but we have not deemed it important to examine them at this time.

REVERSED.